IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SYNOVUS BANK, f/k/a COLUMBUS BANK AND TRUST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 4-11-cv-144 |
| ECAA, LLC and MICHAEL V. SHANNON, | ) ) ) | |
| Defendants. | ) | |

## ANSWER

COME NOW Defendants ECAA, LLC, and Michael V. Shannon (collectively "Defendants"), and hereby file this Answer, showing the Court the following:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

The Complaint, in whole or in part, is barred because this Court lacks jurisdiction.

### THIRD DEFENSE

The Complaint, in whole or in part, is barred due to lack of venue.

## FOURTH DEFENSE

The Complaint, in whole or in part, is barred by the applicable statute(s) of limitation.

## FIFTH DEFENSE

The Complaint, in whole or in part, is barred because Plaintiff's damages, if any, are speculative and/or Plaintiff have not suffered any compensable loss or injury as a result of the conduct alleged in the Complaint.

## SIXTH DEFENSE

The Complaint, in whole or in part, is barred because Plaintiff failed to provide reasonable, adequate, or timely notice of any alleged misconduct and/or the claims in the Complaint, thereby prejudicing Defendant and his defense.

## SEVENTH DEFENSE

The Complaint, in whole or in part, is barred because Plaintiff failed to join an indispensable party.

## EIGHTH DEFENSE

The Complaint, in whole or in part, is barred by the doctrines of waiver and release.

## NINTH DEFENSE

The Complaint, in whole or in part, is barred because Defendants' actions were not the cause or proximate cause of damage or injury to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## ELEVENTH DEFENSE

If Plaintiff suffered any damages, which Defendants deny, the alleged damages were solely caused by acts, wrongs or omissions of (a) Plaintiff; or (b) other persons, entities, forces and/or other things over which Defendants had no control and for which Defendants are not responsible; or (c) a combination of (a) and (b).

## TWELFTH DEFENSE

The Complaint, in whole or in part, is barred to the extent Plaintiff lacks standing.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FOURTEENTH DEFENSE

The Complaint fails to state claims upon which attorneys' fees can be granted.

### FIFTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff failed satisfy certain conditions precedent under any of the alleged agreements and contracts it has sued upon, including the underlying loan documents and notes.

### SIXTEENTH DEFENSE

The Complaint, in whole or in part, is barred because Defendants have at all times acted in good faith.

### SEVENTEENTH DEFENSE

The Complaint, in whole or in part, is barred by public policy and/or public interest.

### EIGHTEENTH DEFENSE

The Complaint, in whole or in part, is barred by failure of consideration.

### NINETEENTH DEFENSE

Plaintiffs' Complaint is barred by the doctrine of election of remedies.

### TWENTIETH DEFENSE

Plaintiffs' Complaint is barred by the doctrine of unclean hands.

### TWENTY-FIRST DEFENSE

Plaintiffs' Complaint is barred by the doctrine of unjust enrichment.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff has failed to mitigate any alleged damages, those alleged damages must be reduced thereby.

## TWENTY-THIRD DEFENSE

Defendant reserves the right to raise and assert any additional defenses revealed by or as a result of discovery in this case.

## TWENTY-FOURTH DEFENSE

Except as expressly admitted herein, Defendants deny each and every allegation of the Complaint.  Defendants respond to the allegations in the Complaint as follows:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore deny such allegations.

2.

Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and therefore deny such allegations.

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore deny such allegations.

4.

Defendants admit the allegations of paragraph 4 of the Complaint.

5.

Defendants admit the allegations of paragraph 5 of the Complaint.

6.

Defendants deny the allegations in paragraph 6.

7.

Defendants admit the allegations of paragraph 7 of the Complaint.

## II. JURISDICTION AND VENUE

8.

Defendants deny that this Court has jurisdiction.

9.

Defendants deny that they are subject to the jurisdiction of this Court.

10.

Defendants admit the allegations of paragraph 10 of the Complaint.

11.

Defendants deny the allegations of paragraph 11 of the Complaint.

12.

Defendants deny the allegations of paragraph 12 of the Complaint.

### III.  **FACTUAL ALLEGATIONS**

13.

Defendants deny the allegations of paragraph 13 of the Complaint.

14.

Defendants state that Exhibit A speaks for itself and deny any allegations in paragraph 14 inconsistent therewith.

15.

Defendants state that Exhibit A speaks for itself and deny any allegations in paragraph 15 inconsistent therewith.

16.

Defendants state that Exhibit A speaks for itself and deny any allegations in paragraph 16 inconsistent therewith.

17.

Defendants admit that the document attached as Exhibit A appears to be a true and correct copy of a Second Amended and Restated Promissory Note.

18.

Defendants state that Exhibit B speaks for itself and deny any allegations in paragraph 18 inconsistent therewith.

19.

Defendants state that Exhibit B speaks for itself and deny any allegations in paragraph 19 inconsistent therewith.

20.

Defendants admit that the document attached as Exhibit B appears to be a true and correct copy of a Promissory Note.

21.

Defendants state that Exhibits A and B speak for themselves and deny any allegations in paragraph 21 inconsistent therewith.

22.

Defendants state that Exhibits A and B speak for themselves and deny any allegations in paragraph 22 inconsistent therewith.

23.

Defendants state that Exhibits A and B speak for themselves and deny any allegations in paragraph 23 inconsistent therewith.

24.

Defendants state that Exhibit C speaks for itself and deny any allegations in paragraph 24 inconsistent therewith.

25.

Defendants admit that the document attached as Exhibit C appears to be a true and correct copy of an Amended and Restated Loan Agreement.

26.

Defendants state that Exhibit C speaks for itself and deny any allegations in paragraph 26 inconsistent therewith.

27.

Defendants deny the allegations of paragraph 27 of the Complaint.

28.

Defendants state that Exhibit D speaks for itself and deny any allegations in paragraph 28 inconsistent therewith.

29.

Defendants admit that the document attached as Exhibit D appears to be a true and correct copy of a guaranty.

30.

Defendants state that Exhibit D speaks for itself and deny any allegations in paragraph 30 inconsistent therewith.

31.

Defendants state that Exhibit E speaks for itself and deny any allegations in paragraph 31 inconsistent therewith.

32.

Defendants state that Exhibit E speaks for itself and deny any allegations in paragraph 33 inconsistent therewith.

33.

Defendants state that Exhibit E speaks for itself and deny any allegations in paragraph 33 inconsistent therewith.

34.

Defendants admit that the document attached as Exhibit E appears to be a true and correct copy of a Modification Agreement.

35.

Defendants state that Exhibit E speaks for itself and deny any allegations in paragraph 35 inconsistent therewith.

36.

Defendants state that Exhibit F speaks for itself and deny any allegations in paragraph 36 inconsistent therewith.

37.

Defendants state that Exhibit F speaks for itself and deny any allegations in paragraph 37 inconsistent therewith.

38.

Defendants state that Exhibit F speaks for itself and deny any allegations in paragraph 38 inconsistent therewith.

39.

Defendants admit that the document attached as Exhibit F appears to be a true and correct copy of a Modification Agreement.

40.

Defendants state that Exhibit F speaks for itself and deny any allegations in paragraph 40 inconsistent therewith.

41.

Defendants state that Exhibit G speaks for itself and deny any allegations in paragraph 41 inconsistent therewith.

42.

Defendants state that Exhibit G speaks for itself and deny any allegations in paragraph 42 inconsistent therewith.

43.

Defendants state that Exhibit G speaks for itself and deny any allegations in paragraph 43 inconsistent therewith.

44.

Defendants admit that the document attached as Exhibit G appears to be a true and correct copy of a Loan Modification Agreements.

45.

Defendants deny the allegations of paragraph 45 of the Complaint.

46.

Defendants deny the allegations of paragraph 46 of the Complaint.

47.

Defendants deny the allegations of paragraph 47 of the Complaint.

48.

Defendants deny the allegations of paragraph 48 of the Complaint.

49.

Defendants deny the allegations of paragraph 49 of the Complaint.

50.

Defendants deny the allegations of paragraph 50 of the Complaint.

51.

Defendants deny the allegations of paragraph 51 of the Complaint.

52.

Defendants deny the allegations of paragraph 52 of the Complaint.

53.

Defendants deny the allegations of paragraph 53 of the Complaint.

54.

Defendants state that Exhibit H speaks for itself and deny any allegations in paragraph 54 inconsistent therewith.

55.

Defendants state that Exhibit H speaks for itself and deny any allegations in paragraph 55 inconsistent therewith.

56.

Defendants state that Exhibit H speaks for itself and deny any allegations in paragraph 56 inconsistent therewith.

57.

Defendants admit that the document attached as Exhibit H appears to be a true and correct copy of a Modification Agreement.

58.

Defendants state that Exhibit H speaks for itself and deny any allegations in paragraph 58 inconsistent therewith.

59.

Defendants state that Exhibit H speaks for itself and deny any allegations in paragraph 59 inconsistent therewith.

60.

Defendants state that Exhibit I speaks for itself and deny any allegations in paragraph 60 inconsistent therewith.

61.

Defendants state that Exhibit I speaks for itself and deny any allegations in paragraph 61 inconsistent therewith.

62.

Defendants admit that the document attached as Exhibit I appears to be a true and correct copy of a Modification Agreement.

63.

Defendants state that Exhibit I speaks for itself and deny any allegations in paragraph 63 inconsistent therewith.

64.

Defendants state that Exhibit I speaks for itself and deny any allegations in paragraph 64 inconsistent therewith.

65.

Defendants deny the allegations of paragraph 65 of the Complaint.

66.

Defendants state that Exhibit I speaks for itself and deny any allegations in paragraph 66 inconsistent therewith.

67.

Defendants state that Exhibits A-I speak for themselves and deny any allegations in paragraph 67 inconsistent therewith.

68.

Defendants deny the allegations of paragraph 68 of the Complaint.

69.

Defendants deny the allegations of paragraph 69 of the Complaint.

70.

Defendants state that Exhibits A-I speak for themselves and deny any allegations in paragraph 70 inconsistent therewith.

71.

Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 of the Complaint and therefore deny such allegations.

72.

Defendants state that Exhibit J speaks for itself and deny any allegations in paragraph 72 inconsistent therewith.

73.

Defendants admit that the document attached as Exhibit J appears to be a true and correct copy of a July 14, 2011 letter from David A. Wender.

74.

Defendants state that Exhibit J speaks for itself and deny any allegations in paragraph 74 inconsistent therewith.

75.

Defendants state that Exhibit J speaks for itself and deny any allegations in paragraph 75 inconsistent therewith.

76.

Defendants deny the allegations of paragraph 76 of the Complaint.

77.

Defendants deny the allegations of paragraph 77 of the Complaint.

78.

Defendants deny the allegations of paragraph 78 of the Complaint.

79.

Defendants deny the allegations of paragraph 79 of the Complaint.

## COUNT ONE-BREACH OF CONTRACT AGAINST ECAA

80.

Defendants incorporate their responses to paragraphs 1 through 79 of their Answer as if set forth fully herein.

81.

Defendants state that Exhibits A-I speak for themselves and deny any allegations in paragraph 81 inconsistent therewith.

82.

Defendants deny the allegations of paragraph 82 of the Complaint.

83.

Defendants deny the allegations of paragraph 83 of the Complaint.

84.

Defendants deny the allegations of paragraph 84 of the Complaint.

85.

Defendants deny the allegations of paragraph 85 of the Complaint.

86.

Defendants deny the allegations of paragraph 86 of the Complaint.

87.

Defendants deny the allegations of paragraph 87 of the Complaint.

## COUNT TWO-BREACH OF CONTRACT AGAINST SHANNON

88.

Defendants incorporate their responses to paragraphs 1 through 87 of their Answer as if set forth fully herein.

89.

Defendants state that Exhibit D speaks for itself and deny any allegations in paragraph 89 inconsistent therewith.

90.

Defendants state that Exhibit J speaks for itself and deny any allegations in paragraph 90 inconsistent therewith.

91.

Defendants deny the allegations of paragraph 91 of the Complaint.

92.

Defendants deny the allegations of paragraph 92 of the Complaint.

93.

Defendants deny the allegations of paragraph 93 of the Complaint.

94.

Defendants deny the allegations of paragraph 94 of the Complaint.

## COUNT THREE-ATTORNEYS' FEES AGAINST ECAA AND SHANNON

95.

Defendants incorporate their responses to paragraphs 1 through 94 of their Answer as if set forth fully herein.

96.

Defendants state that Exhibits A-I speak for themselves and deny any allegations in paragraph 96 inconsistent therewith.

97.

Defendants deny the allegations of paragraph 97 of the Complaint.

98.

Defendants deny the allegations of paragraph 98 of the Complaint.

99.

Defendants deny the allegations of paragraph 99 of the Complaint.

100.

Defendants deny the allegations of paragraph 100 of the Complaint.

101.

Defendants deny Plaintiff is entitled to the relief it seeks in the WHEREFORE clause, including subparts, following paragraph 60 of the Complaint.

102.

Defendants hereby demand a trial by jury.

WHEREFORE, Defendants pray that the Court:

(a)     Dismiss all claims asserted by Plaintiff with prejudice;

(b)     Deny all relief sought by Plaintiff;

(c)     Order Plaintiff to pay Defendants' attorneys' fees and costs of litigation; and

(d)     Grant Defendants such other and further relief as the Court deems just and proper.

This 30th day of November, 2011.

/s/ Derek S. Littlefield
Kirk M. McAlpin, Jr.
Georgia Bar No. 480525
Derek S. Littlefield
Georgia Bar No. 141569
J. Parker Gilbert
Georgia Bar No. 294352
Cushing Morris Armbruster & Montgomery
191 Peachtree Street, NE, Suite 4500
Atlanta, GA 30303
404/521-2323, 404-522-0607 (facsimile)
kmm@cmamlaw.com
dsl@cmamlaw.com
jpg@cmamlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SYNOVUS BANK, f/k/a COLUMBUS       )
BANK AND TRUST COMPANY,            )
                                   )
    Plaintiff,                     )
                                   )       CIVIL ACTION FILE
v.                                 )
                                   )       NO. 4-11-cv-144
ECAA, LLC and MICHAEL V.           )
SHANNON,                           )
                                   )
    Defendants.                    )

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I have served a copy of the above and foregoing

ANSWER via the Court's electronic filing and service system, to the following:

        Christopher A. Riley, Esq.
        Alston & Bird LLP
        1201 West Peachtree Street
        Atlanta, GA 30309

{00182130: v: }

This 30th day of November, 2011.

/s/ Derek S. Littlefield
Kirk M. McAlpin, Jr.
Georgia Bar No. 480525
Derek S. Littlefield
Georgia Bar No. 141569
J. Parker Gilbert
Georgia Bar No. 294352
Cushing Morris Armbruster & Montgomery
191 Peachtree Street, NE, Suite 4500
Atlanta, GA 30303
404/521-2323, 404-522-0607 (facsimile)
kmm@cmamlaw.com
dsl@cmamlaw.com
jpg@cmamlaw.com